
*original*



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 DEC 23  PM 5: 03

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

**U.S. Department of Justice**
S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Ste. 600   (503) 727-1000
Portland, OR  97204-2902   Fax: (503) 727-1117

August 26, 2014

Susie Hensler
Staff Attorney
Office of the Federal Defender
District of Maryland Tower II, Ninth Floor
100 S. Charles Street
Baltimore, MD  21201

Re:   *United States v. William R. Peters*
      <u>Plea Agreement Letter</u>  Crim. No. JFM-14-0500

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office for the District of Oregon, the United States Attorney's Office for the District of Maryland, (USAO or government), and defendant William Peters. This plea agreement does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.

2. **Agreement For FRCP Rule 20(a) Transfer of Case To District Maryland**: The defendant, the United States Attorney's Office for the District of Oregon, and the United States Attorney's Office for the District of Maryland, agree the prosecution of the defendant on the Superseding Indictment in this case shall, for the entry of pleas and for sentencing, be transferred from the District of Oregon, where the indictment is pending, to the District of Maryland, where the defendant resides and is present. The defendant and the government agree to execute all documentation necessary to effect this transfer.

3. **Charges**: The defendant agrees to plead guilty to both charges in a two-count Superseding Indictment returned against him in the District of Oregon. Count 1 of the Superseding Indictment charges the defendant with conspiring to commit Mail Fraud and Wire Fraud, in violation of Title 18, United States Code, Section 1349. Count 2 of the Superseding Indictment charges the defendant with conspiring to commit transactional money laundering, in violation of Title 18, United States Code, Section 1956(h). The Superseding Indictment includes a criminal forfeiture allegation, and the defendant agrees to consent to a criminal forfeiture judgment against him in the amount of $4,000,000.

4. **Elements**: In order for the defendant to be found guilty, the government must prove the following elements beyond a reasonable doubt:

Count 1 (Conspiracy to Commit Mail Fraud and Wire Fraud):

(1) During the time period alleged in the Superseding Indictment, there was an agreement between two or more persons to commit the federal crimes of Mail Fraud and Wire Fraud, in violation of 18 U.S.C. § 1343; and

(2) The defendant became a member of the conspiracy knowing its objects and intending to help accomplish them.

Count 2 (Conspiracy to Commit Transactional Money Laundering):

(1) During the time period alleged in the Superseding Indictment, there was an agreement between two or more persons to commit the federal crime of transactional money laundering, in violation of 18 U.S.C. § 1957; and

(2) The defendant became a member of the conspiracy knowing its object and intending to help accomplish it.

5. **Penalties**:

Count 1: The maximum sentence is twenty (20) years imprisonment, a fine of $250,000 and three (3) years of supervised release. Conviction requires payment of a $100 fee assessment.

Count 2: The maximum sentence is ten (10) years imprisonment, a fine of $250,000 and three (3) years of supervised release. Conviction requires payment of a $100 fee assessment.

The defendant agrees to pay the $200 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

6. **Factual Admissions**:

Counts 1 and 2:

The defendant admits that the following is an accurate, though non-exhaustive, statement of the offense conduct with respect to Counts 1 and 2 of the Superseding Indictment:

During the time period alleged in Counts 1 and 2, the defendant was a member of the Board of Directors of National Relief Charities (NRC), a tax-exempt nonprofit corporation engaged in charitable financial support of Native American communities and individuals.

The defendant agreed with co-defendant Brian J. Brown, former President of NRC, to defraud NRC by falsely representing to NRC that if NRC funded Charity One, Inc., a nonprofit corporation co-defendant Brown created and controlled to effectuate the scheme to defraud, Charity One, Inc. would use the funds for scholarships for American Indians. The

2

defendant intended, and agreed with co-defendant Brown, that the defendant and co-defendant Brown would actually use the funds for their own benefit.

The defendant used his position as a member of the Board of Directors of NRC to cause NRC to execute a series of endowment agreements with Charity One, Inc., in which NRC agreed to fund Charity One, Inc. with $1 million per year for five years and Charity One, Inc. agreed to maintain and invest the funds it received from NRC and to use only the profits of the investments for scholarships for American Indians. During the entire time period the defendant and co-defendant Brown carried out the scheme to defraud NRC, co-defendant Brown, in e-mails and other communications he had with NRC, made material misrepresentations about how Charity One, Inc. would use the funds NRC gave it. Co-defendant Brown also omitted from these e-mails and other communications material facts about how Charity One, Inc. would use the funds NRC gave it. Co-defendant Brown also submitted to NRC fictitious federal nonprofit tax returns for Charity One, Inc., falsely showing in each year that Charity One, Inc. still maintained the funds NRC gave it, when, in fact, the defendant and co-defendant Brown each year had distributed all the NRC funds to themselves for their personal benefit.

The defendant and co-defendant Brown agreed to distribute to themselves, in amounts greater than $10,000, the proceeds of their scheme to defraud NRC. To effectuate this agreement, the defendant created and controlled a corporation called August First, Inc., which he used to receive and distribute to himself his share of the proceeds of the scheme to defraud NRC, in amounts greater than $10,000. Co-defendant Brown created and controlled a corporation called Aria Inc., which he used to receive and distribute to himself his share of the proceeds of the scheme to defraud NRC, in amounts greater than $10,000.

The defendant received $950,244 of the proceeds of the scheme to defraud NRC. To conceal the source of these funds he falsely characterized them as consulting fees on the federal income tax returns he filed for tax years 2006 – 2009. Co-defendant Brian Brown received $3,011,751 of the proceeds of the scheme to defraud NRC, and he also falsely characterized them as consulting fees on the federal income tax returns he filed for tax years 2006 – 2009.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Fraud Loss**: The defendant and the government agree that pursuant to USSG §2B1.1(b)(1)(J), the actual financial loss (pecuniary harm) to NRC is $4 million.

9. **Misrepresentation Regarding a Charitable Organization**: The government agrees the defendant's sentencing guideline calculation should not include a two level increase for the offense involving a misrepresentation that the defendant was acting on behalf of a charitable organization pursuant to USSG §2B1.(b)(9)(A).

10. **Abuse of Position of Trust**: The defendant understands that the government will request that his sentencing guideline calculation include a two level increase for Abuse of Position of Trust, pursuant to USSG §3B1.3. The government agrees the defendant can oppose the inclusion of a two level increase for Abuse of Position of Trust.

11. **Advisory Guideline Calculation**: The parties agree that the following advisory guideline calculation applies to Counts 1 and 2:

Counts 1 and 2:

Base offense level [USSG §2B1.1(a)(1)]..................................................7
Loss of $4 million [USSG §2B1.1(b)(1)(J)]........................................ 18

Money laundering conspiracy [USSG §§ 2S1.1(a)(1) & b(2)(A) ............... 1

Offense level without two level increase for Abuse of Position of Trust    26 (63-78 mo.)

Offense level with two level increase for Abuse of Position of Trust    28 (78-97 mo.)

12. **Acceptance of Responsibility**: The defendant must demonstrate to the Court he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if the defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if the defendant, between guilty plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

13. **Downward Variance For Role In The Offense**: The defendant agrees not to request a decrease to his sentencing guideline offense level for Mitigating Role, pursuant to USSG §3B1.2. The government agrees the defendant may request a downward variance to any extent, including to a sentence of probation, based on the defendant being less culpable in the offenses of conviction than co-defendant Brian Brown. The defendant understands the government will oppose a downward variance on this basis.

14. **Downward Variance For Existing Medical Condition**: The government agrees the defendant may request a downward departure to any extent, including to a sentence of probation, based on the defendant's medical condition at the time sentencing. The defendant understands and agrees the government can oppose, in its entirety, a downward departure based on the defendant's medical condition at the time of sentencing or can agree a downward departure is warranted but can oppose the extent of the downward departure the defendant requests.

15. **No Other Basis For A Downward Departure**: The defendant agrees that at the time of his execution of this Plea Agreement there exists no basis, other than set out in paragraphs 13 and 14, above, for him to request a downward departure under the sentencing guidelines, and the defendant agrees not to do so. However, the defendant may raise request a downward variance from the final sentencing guideline range based on any sentencing factor identified in 18 U.S.C. § 3553(a) and the government may oppose any such request.

16. **Government Sentencing Recommendation**: The government agrees to request a term of imprisonment at the low end of the applicable guideline range.

17. **Waiver of Appeal/Post-Conviction Relief**: The defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should the defendant seek an appeal despite this waiver, the USAO may take any position on any issue on appeal. ~~The defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided~~ in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

18. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the other party.

19. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

20. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all

5

parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

AMANDA MARSHALL
United States Attorney

_____
SETH D. URAM
Assistant United States Attorney

_____
JEFFERSON M. GRAY
Assistant United State Attorney
District of Maryland

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

9/16/14
Date

William R. Peters
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/16/14
Date

Susie Hensler
Attorney for Defendant

7